IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

GREGORY K. WHITT                                                                                       PLAINTIFF
ADC #158938

V.                                              NO: 5:15CV00301 JM/PSH

JAMES BANKS *et al*                                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Proposed Findings and Recommendation have been sent to United States District Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Gregory K. Whitt, an Arkansas Department of Correction ("ADC") inmate, filed a *pro se* complaint on September 22, 2015, alleging his constitutional rights were violated in two disciplinary events.

### I.  Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief

1

against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. FED.R.CIV.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1957), and setting new standard for failure to state a claim upon which relief may be granted), the court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

According to plaintiff's complaint, his due process and equal protection rights were violated on June 10, 2015, when he was charged with three rule violations based on one letter he wrote to an individual outside the ADC. Plaintiff asserts his equal protection and due process rights were also violated in connection with another disciplinary charge written on August 21, 2015, and he further alleges defendants violated state laws and prison policies. Documents attached to plaintiff's complaint indicate his commissary, phone, and visitation privileges were suspended for 60 days, his good time class was reduced, and he was sentenced to 30 days of punitive isolation on each disciplinary conviction.

Although plaintiff claims his equal protection rights were violated in the disciplinary

proceedings, he has offered no factual allegations to state a plausible equal protection claim. *See Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir.1998) (en banc) ("[t]he heart of an equal protection claim is that similarly situated classes of inmates are treated differently, and that this difference in treatment bears no rational relation to any legitimate penal interest").

Additionally, 30 days in punitive isolation with suspension of privileges for 60 days, or a class reduction, do not amount to an "atypical and significant" hardship that would give rise to due process protection as set forth in *Sandin v. Conner*, 515 U.S. 472, 483-484 (1995). The Eighth Circuit has "consistently held that administrative and disciplinary segregation are not atypical and significant hardships under *Sandin*." *Portly-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002). *See also Wycoff v. Nichols*, 94 F.3d 1187, 1188-90 (8th Cir. 1996)(no liberty interest arose when plaintiff served 45 days in administrative confinement before disciplinary decision reversed); *Richardson v. Pevey et al.*, Case No. 5:12CV00096, 2012 WL 1167086 (E.D. Ark. March 15, 2012) (unpublished opinion) (no protected liberty interest when inmate served 30 days in punitive isolation and commissary, telephone, and visitation privileges were suspended for 60 days). Likewise, plaintiff has no right to a particular class status or early release based on good time or for any other reason. *See Madewell v. Roberts*, 909 F.2d 1203, 1207 (8th Cir. 1990)(noting that an inmate has no right to any particular class status); *Strickland v. Dyer*, 628 F.Supp. 180, 181 (E.D. Ark. 1986)(finding that because Arkansas case law does not protect a prisoner's right to any particular classification and there is no federally protected right regarding classification, inmate could not prevail on claim that he was deprived of due process due to disciplinary penalty of two-step class reduction)*; Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979)(no fundamental right to parole).

In the absence of a protected property or liberty interest, plaintiff is left with at most a false disciplinary charge, violation of state law, or policy violation. However, false disciplinary charges, violations of state law, and the failure to follow prison policy, are not constitutional violations. *See Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989)(*citing Freeman v. Rideout*, 808 F.2d 949, 951-52 (2nd Cir. 1986), cert denied, 485 U.S. 982 (1988)) (false disciplinary charges alone not a constitutional violation); *Bagley v. Rogerson*, 5 F.3d 325, 328 (8th Cir.1993)(violation of state law, without more, does not state a claim under the federal constitution or section 1983); *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997)(no § 1983 liability for violation of prison policy). Accordingly, plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2. This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

4. Plaintiff's motion to preserve evidence (docket entry 8) be DENIED AS MOOT.

DATED this 2nd day of November, 2015.

_____
UNITED STATES MAGISTRATE JUDGE